**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

Robert Mendoza as Parent and Next Friend to John Doe, a Minor Under the Age of Eighteen,

Plaintiff,

v.

Beaufort County School District, Soliant Health, LLC and Christopher Lecount,

Defendants.

Case No.: 9:26-cv-05343-DCN

**COMPLAINT**
*(Jury Trial Requested)*

Plaintiff alleges:

**PARTIES**

1. Plaintiff is the parent and legal guardian of John Doe. John Doe is a minor under the age of eighteen, whose identity is known but not disclosed because of his age and privacy considerations.

2. Plaintiff brings this action in his individual capacity and as next friend to John Doe as permitted by the Rules of Civil Procedure.

3. John Doe has a disability wherein he requires special services from Defendant Beaufort County School District.

4. Beaufort County School District ("BCSD") is a governmental agency set up to administer the public schools in Beaufort County and is subject to suit pursuant to the South Carolina Tort Claims Act.

5. At all relevant times herein, Defendant BCSD was a recipient of federal financial assistance by virtue of its receipt of funds from the United States Department of Education.

6. Defendant BCSD's responsibilities included, but were not limited to: establishing, implementing and/or enforcing policies and procedures for public schools within Beaufort County, South Carolina; training, supervising and/or disciplining its employees, including administrators, investigators, principals, assistant principals, instructors, teachers, and/or aides; implementing policies, customs, and/or practices that prohibited said employees from violating the constitutional and civil rights of its students; training, supervising and/or disciplining its employees to ensure the welfare and safety of all students enrolled in public schools within Beaufort County, South Carolina; and providing special education services in Beaufort County, South Carolina. Defendant BCSD has a non-delegable duty to provide special education services to students with disabilities and to protect students from known physical dangers and abuse.

7. During the present action, Defendant BCSD controlled and maintained Bluffton High School, which is within Beaufort County, South Carolina.

8. Defendant Soliant Health, LLC ("Soliant") is a foreign limited liability company organized under the laws of the State of Delaware and authorized to transact business in the State of South Carolina. At all times relevant herein, Defendant Soliant was engaged in the business of providing healthcare and educational staffing services, including the placement of paraprofessional classroom assistants in public schools.

9. Upon information and belief, Defendant Christopher Lecount ("Lecount") is a resident of Pooler, Georgia, and at all times relevant herein was employed by Soliant, LLC, and acted as a special education paraprofessional for Defendant BCSD.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over the federal claims asserted herein.

11. Venue is proper as the incident giving rise to this action occurred at Bluffton High School, 12 H.E. McCracken Circle, Bluffton, South Carolina 29910, which is located within Beaufort County.

## FACTUAL ALLEGATIONS

**John Doe.**

12. John Doe is a special education student at Bluffton High School. He is severely autistic and nonverbal. As a result of his disabilities, John Doe requires constant supervision and close physical assistance from trained paraprofessional educators throughout his school day. His severe autism and nonverbal status render him wholly incapable of reporting abuse, advocating for his own safety, or defending himself against physical aggression.

**Prior Abuse at the Hands of a Defendant BCSD Employee: The 2022-2023 School Year.**

13. The incident which is the subject of this action is not the first time John Doe has been subjected to physical abuse at the hands of an employee within Defendant BCSD. During the 2022-2023 school year, John Doe was a student at H.E. McCracken Middle School in Bluffton, South Carolina, where he was physically and mentally abused by a special education teacher's assistant employed by Defendant BCSD.

14. This abuse left visible bruising and markings on John Doe. Each act of unlawful physical contact created in John Doe an apprehension of being contacted by the special education teacher's assistant. The unlawful contact and apprehension thereof caused severe and lasting bodily, psychological and personal injuries to John Doe.

15. Defendant BCSD was put on notice of the abuse that occurred in the 2022-2023 school year. Defendant BCSD had actual knowledge that John Doe was a particularly vulnerable

student who had already suffered documented physical abuse and lasting psychological trauma at the hands of a school employee entrusted with his care.

16. Defendant BCSD's knowledge arising from the abuse in the 2022-2023 school year, included, at a minimum: that John Doe had been subjected to physical abuse causing visible bruising and lasting injury; that John Doe's nonverbal and severely autistic status made him uniquely unable to report or resist abuse; that school employees assigned to his direct care required heightened screening, training, and supervision; and that Defendant BCSD owed John Doe a heightened duty of protection given his prior victimization.

**Defendants' Placement of John Doe with Defendant LeCount.**

17. Defendant LeCount was employed by Defendant Soliant as a special education classroom assistant and was assigned by Defendant Soliant and/or Defendant BCSD to work directly with John Doe at Bluffton High School.

18. Defendant LeCount had been working with John Doe since December of 2024.

19. As a staffing agency under contract with or at the direction of Defendant BCSD to provide paraprofessional personnel serving John Doe and similarly situated special needs students, Defendant Soliant was charged with knowledge of the conditions under which its employees would be performing services, including John Doe's documented history of prior abuse, his severe disabilities, his nonverbal status, and his resulting heightened vulnerability. To the extent Defendant BCSD failed to communicate John Doe's history and specific needs to Defendant Soliant, that failure itself constitutes a breach of Defendant BCSD's own non-delegable duties, but such failure does not relieve Defendant Soliant of its independent obligation to assess the environment in which it was placing its employees and the populations those employees would serve.

20. Prior to placing Defendant LeCount in a position of direct, unsupervised care over John Doe, Defendant Soliant was required to conduct adequate background investigations, to verify that Defendant LeCount had appropriate training and credentials in behavioral management for severely autistic and nonverbal students, and to ensure that Defendant LeCount was prepared to serve a student with John Doe's documented history and specific profile.

**The March 3, 2025 Assault.**

21. On Monday, March 3, 2025, at approximately 9:30 a.m., while in class, Defendant LeCount took his hand and struck John Doe on the left side of his face. The attack occurred without lawful justification and was witnessed by a fellow paraprofessional, Tay'von Weatherspoon.

22. According to the statement given by Ms. Weatherspoon, John Doe reached over to rub Defendant LeCount's head, and in the midst of that, "the teacher Mr. LeCount reached over and slapped the student on the left side of his face."

23. Immediately after the incident, Ms. Weatherspoon reacted with "Oh no. That was hard, and we don't hit kids!"

24. Ms. Weatherspoon reported the incident to her supervisor once the school day had ended.

**John Doe's Injuries and Compounded Vulnerability.**

25. As a direct and proximate result of Defendant LeCount's conduct, John Doe sustained physical injuries, including bruising, and was left emotionally distraught.

26. John Doe is an "eggshell" plaintiff. Having already endured a prior course of physical abuse at the hands of a school employee, abuse that caused visible bruising, lasting bodily injury, and a persistent apprehension of being physically contacted, John Doe was particularly susceptible to psychological harm from this second incident of abuse by yet another caretaker. The

emotional and psychological injuries inflicted upon John Doe by Defendant LeCount were significantly compounded by his pre-existing trauma, a consequence that was foreseeable to both Defendants given their knowledge of John Doe's prior victimization.

**FIRST CAUSE OF ACTION**
**(Battery: As to Defendant LeCount)**

27. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

28. On March 2, 2025, Defendant LeCount intentionally and without consent struck John Doe on the left side of his face with his hand. This physical contact was harmful and offensive and constitutes battery under South Carolina law.

29. John Doe, as a severely autistic, nonverbal minor, was wholly unable to consent to or defend himself from this contact.

30. As a direct and proximate result of Defendant LeCount's battery, John Doe sustained physical injuries, including bruising, emotional distress, pain and suffering, and other damages, all in an amount to be determined by the jury.

**SECOND CAUSE OF ACTION**
**(Assault: As to Defendant LeCount)**

31. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

32. Defendant LeCount's conduct in raising his hand and striking John Doe in the face created apprehension of imminent harmful and offensive contact in John Doe, a severely autistic child who had already suffered prior abuse and lived with a persistent fear of physical contact from school employees.

33. As a direct and proximate result of Defendant LeCount's assault, John Doe suffered physical harm, emotional distress, and other damages in an amount to be determined by the jury.

**THIRD CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress: As to Defendant LeCount)**

34. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

35. Defendant LeCount's conduct in striking a severely autistic, nonverbal, and wholly defenseless child in the face, entrusted to his care, and who had already endured a documented prior course of abuse, was extreme and outrageous, exceeding all bounds of decency tolerated by a civilized society.

36. Defendant LeCount knew or should have known, prior to beginning his assignment with John Doe in December 2024, that John Doe was a special needs student with a history of prior abuse and that striking such a child would cause severe and lasting emotional distress compounding pre-existing trauma.

37. The incident caused John Doe to go into a state of shock and left him emotionally distraught. Given the lasting bodily and personal injuries and the persistent apprehension of physical contact that John Doe suffered as a result of his prior abuse, Defendant LeCount's conduct caused emotional distress of a severity that no reasonable person could be expected to endure.

38. As a direct and proximate result of Defendant LeCount's outrageous conduct, John Doe has suffered and continues to suffer severe emotional distress and other damages in an amount to be determined by the jury.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Negligence: As to Defendant LeCount)**

39. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

40. As a paraprofessional classroom and/or teacher's assistant assigned to provide direct care and educational services to John Doe, Defendant LeCount owed John Doe a duty of reasonable care, including the duty to refrain from physically harming him and to use appropriate, non-violent behavioral management techniques.

41. Defendant LeCount breached this duty by, among other acts or omissions: striking John Doe in the face; failing to use appropriate behavioral redirection techniques; failing to disengage calmly and safely when John Doe exhibited behavioral outbursts; failing to familiarize himself with John Doe's individual needs, history, and IEP prior to providing care; and failing to safeguard the physical and emotional wellbeing of a severely disabled, previously abused, and non-verbal child in his direct care.

42. As a direct and proximate result of Defendant LeCount's negligence, John Doe sustained physical injuries, emotional distress, and other damages in an amount to be determined by the jury.

**<u>FIFTH CAUSE OF ACTION</u>**
**(Negligence, Negligent Hiring, Retention and Supervision:**
**As to Defendants Soliant and BCSD)**

43. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

44. The injuries and damages sustained by John Doe were and are due to and proximately caused by the negligent, grossly negligent, and reckless conduct of Defendants in one or more particulars set forth below:

a. In failing to have or implement proper policies and procedures regarding hiring, training, supervising, disciplining and/or monitoring its employees;

b. In failing to properly hire, train, supervise, discipline and/or monitor its employees;

c. In failing to train and supervise its employees in dealing with the rights of children;

d. In continuing the employ employees when it knew or should have known that employees were not properly trained in regards to handing children, especially special needs children;

e. In hiring and retaining an employee who was not fit to care for and/or monitor special needs children;

f. In failing to prepare and implement an appropriate Individualized Education Program ("IEP") after Defendants had actual knowledge of John Doe's history of abuse within Defendant BCSD's schools;

g. In failing to provide necessary protection to John Doe while he was in its care, custody and control; and

h. In any other particulars that may be shown at trial and/or discovered through discovery.

45. As a direct and proximate result of Defendants' negligence, John Doe sustained physical injuries, emotional distress, and other damages in an amount to be determined by the jury.

**SIXTH CAUSE OF ACTION**
**(Violation of Section 504 of the Federal Rehabilitation Act: As to Defendant BCSD)**

46. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

47. Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Section 504"), and the regulations promulgated under 34 C.F.R. Part 104, prohibit discrimination against persons with disabilities. John Doe has a disability and is protected under Section 504.

48. Section 504 prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to discrimination under, any program or activity receiving federal

financial assistance. Congressional authority to condition federal funding under this Act is derived from the enumerated powers contained in Article 1, Section 8 of the United States Constitution.

49. Defendant BCSD is a recipient of federal financial assistance.

50. The practices described above, including but not limited to, restraining and using corporal punishment of John Doe were discriminatory and denied him the benefits of participation in a public-school education.

51. Students without disabilities were not subjected to the abuses that John Doe was subjected to and described herein. This difference in treatment was due, in whole or in part, to John Doe's disabilities, especially his inability to report the abuse. Physical restraints or corporal punishment were not used for instructional or punitive purposes on students without disabilities. Defendant BCSD violated John Doe's rights under Section 504 and the regulations promulgated thereunder by denying him the benefits or receiving full and equal access to the public education programs and activities offered by Defendant BCSD by failing to provide him with a free, appropriate education in an appropriate and safe environment.

52. Defendant BCSD's actions were intentionally discriminatory and were taken with deliberate indifference to the strong likelihood that the actions would result in a violation of John Doe's federally protected rights.

53. As a direct and proximate result of Defendant BCSD's violation of Section 504, John Doe suffered, continues to suffer and will suffer in the future injuries to his person including, but not limited to, pain, humiliation, anxiety, mental anguish, emotional distress, and damage to his personal relations in amounts to be ascertained according to proof at trial.

**SEVENTH CAUSE OF ACTION**
**(Violation of the Americans with Disabilities Act ("ADA"): As to Defendant BCSD)**

54. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

55. Title II of the ADA, 42 U.S.C. § 12131 et seq. and the regulations thereunder, 28 C.F.R. Part 35, governing state and local governmental entities, protects persons from discrimination on the basis of disability by public entities. Plaintiff has a disability and is protected under the ADA.

56. The ADA prohibits the exclusion from participation in, or being denied the benefits of the services, programs, or activities of the public entity, or being subjected to discrimination by such entity.

57. The discriminatory practices described herein excluded John Doe from participating in and receiving benefits of public school education.

58. Defendant BCSD's practices were intentionally discriminatory and exhibited a deliberate indifference to the strong likelihood that the pursuit of these practices would result in a violation of John Doe's federally protected rights.

59. Defendant BCSD violated John Doe's rights under the ADA, and regulations promulgated thereunder, by denying John Doe the benefits of services, programs and activities to which he was otherwise entitled to from Defendant BCSD. John Doe was mistreated in violation of the law as a direct result of his disabilities, and the manifestation of these disabilities.

60. Students without disabilities were not subjected to the abuses that John Doe was subjected to, as described herein, this difference in treatment was due, in whole or in part, to John Doe's status as a student with disabilities. Non-disabled students were not subjected to corporal punishment and restraint either for instructional or punitive purposes.

61. As a direct and proximate result of Defendant BCSD's violations of the ADA, John Doe has suffered and continues to suffer injuries to his person, including, but not limited to, pain, humiliation, anxiety, mental anguish, emotional distress and damage to his personal relations in amounts to be ascertained according to proof at trial.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for actual damages, together with punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

**BAUER & METRO, P.C.**

Samuel C. Bauer
Fed ID #: 7508
sam@BauerMetro.com
Robert S. Bauer
Fed ID #: 12680
rob@BauerMetro.com
5728 Guilford Place, Suite 200
Bluffton, South Carolina 29910
Phone: 843-842-5297

-AND-

**PARKER LAW GROUP, LLP**

BY: *s/ Chelci S. Avant*
Ronnie L. Crosby
Fed ID #: 6311
rcrosby@parkerlawgroupsc.com
Chelci S. Avant
Fed ID #: 13177
cavant@parkerlawgroupsc.com
101 Mulberry Street East
Post Office Box 487
Hampton, South Carolina 29924
803.903.1781 (Main)
803.903.1787 (Direct)

**ATTORNEYS FOR PLAINTIFF**

November 2, 2026
Hampton, South Carolina